UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. _____

MAGISTRATE JUDGE _____

THOMAS BUFFONGE )
Plaintiff )
)
Vs. )
)
PRUDENTIAL INSURANCE )
COMPANY )
And )
GETRONICS WANG CO., LLC )
Defendants )

03  12355 RCL

RECEIPT # 51941
AMOUNT $ 150
SUMMONS ISSUED 2
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 11-21-03

## COMPLAINT AND DEMAND FOR JURY TRIAL

**Introduction**

1. This is an action by an individual, Thomas Buffonge, against the insurance company which provided long term disability insurance coverage to employees of his former employer, Wang Laboratories, and against the successor in interest to Wang Laboratories, a company called Getronics Wang Co., LLC. Mr. Buffonge asserts that while an employee of Wang Laboratories he suffered an injury which qualified him for the receipt of long term disability benefits from Defendant Prudential Insurance Company, but that he was wrongfully denied those benefits by Prudential Insurance Company. Mr. Buffonge asserts that the actions of Prudential Insurance Company in denying him long term disability benefits is in violation of the Employee Retirement Income Security Act ("ERISA") 29 USC sections 1001 et seq. This action is brought pursuant to 29 USC Section 1132.

**Jurisdiction and Venue**

2. Jurisdiction over this matter lies in this Court pursuant to 29 USC Section 1132 (e) and 28 USC Section 1331 (federal question).

3. Venue in this District Court is proper because Plaintiff is a resident of Norfolk County, Massachusetts, Plaintiff was employed in Middlesex County, Massachusetts, when he was covered by the insurance/benefit plan at issue, the illegal practices

1

complained of herein occurred in Middlesex County, Massachusetts, the breach of the insurance coverage/benefit plan took place in Massachusetts, and both Defendants have at all times relevant to this Complaint done significant business in Massachusetts.

**The Parties**

4. Plaintiff Thomas Buffonge is a resident of Milton, Norfolk County, Massachusetts.

5. Defendant Prudential Insurance Company ("Prudential") is a foreign corporation doing business in Massachusetts. The insurance policy at issue was part of a benefit plan made available to employees of the Wang Laboratories ("Wang") working in Lowell, Massachusetts, and was provided to those employees by Prudential.

6. Defendant Getronics Wang Co., LLC ("Getronics") is a foreign corporation with a principal place of business in Lowell, Middlesex County, Massachusetts. On information and belief, Getronics took over certain aspects of the business of Wang Laboratories after Wang Laboratories ceased doing business. For the purposes of this action, Getronics is a successor in interest to Wang Laboratories. Getronics is also a sponsor of the Long Term Disability Plan at issue in this case, as that term is defined in 29 USC Section 1001 et seq.

**Factual Background**

7. From approximately 1983 until 1996, Mr. Buffonge was an employee of Wang, located in Lowell, Massachusetts. Mr. Buffonge worked for Wang as a Logistics Coordinator.

8. On or about June 15, 1993, Mr. Buffonge suffered an injury while working. Specifically, Mr. Buffonge was working storing computer parts, and he twisted around to grab a computer part to prevent it from hitting the floor. In the course of this movement, Mr. Buffonge badly tore muscles in his neck and back, and injured a disks in both his neck and his back. Within two weeks Mr. Buffonge began experiencing severe pain in his chest area and into his arm. The injury grew worse in 1994, causing Mr. Buffonge to suffer extreme pain in his lower back and leg as well. Ever since the June 1993 injury and to the present date, Mr. Buffonge has suffered daily severe headaches and lumbar pain, as well as frequent stiffness and muscle spasms.

9. As a direct result of the June 1993 injury, Mr. Buffonge was only able to work for Wang on a sporadic basis from June 1993 through March 1996. During this time period, Mr. Buffonge received medical treatment for his June 1993 injuries. However, despite his medical treatments, Mr. Buffonge was not able to return to work on a regular basis. His last date of work for Wang (as an active employee) was in February 1996, after which he was out of work on medical leave. As of February 1996 and at all times since then, Mr. Buffonge has not been able to perform the

2

material and substantial duties of his occupation, and has not been able to perform the material and substantial duties of any job for which he was reasonably fitted by reason of his education, training and experience. As of February 1996 and at all times since then, Mr. Buffonge has not worked at any job for wages or profit, and has remained under the regular care of a doctor for his June 1993 injuries.

10. In June 1996, Mr. Buffonge's employment with Wang was terminated, due to his inability to work due to his June 1993 injuries. Subsequent to that date, Wang ceased doing business. Getronics took over certain aspects of the business of Wang. Getronics is the sponsor of the Long Term Disability Plan which applies to former Wang employees, and as such is the sponsor of a benefit plan. Getronics has acknowledged to Mr. Buffonge that he is covered by the health and welfare plans it sponsors and/or administers which it acknowledges apply to former Wang employees such as Mr. Buffonge. The Long Term Disability Plan at issue is one of such health and welfare plans. Getronics is the successor in interest to Wang for the purposes of this lawsuit.

11. While he was employed by Wang, and at all relevant times thereafter, Mr. Buffonge was eligible for and covered by a Long Term Disability benefit program made available to Wang employees. The Long Term Disability program was made available to Wang employees through Defendant Prudential, and was administered by Defendant Prudential. Prudential is an Administrator of a benefit plan, as that term is defined in 29 USC Section 1001 et seq. in relation to the Long Term Disability plan under which Mr. Buffonge was covered as a Wang employee. The Long Term Disability program under which Mr. Buffonge was covered was at all times relevant to this complaint an employee welfare benefit plan pursuant to 29 USC Section 1002 (1), As a former Wang employee who was covered by the Long Term Disability program, at all times relevant to this complaint Mr. Buffonge was a participant in an employee welfare benefit plan, pursuant to 29 USC Section 1002 (7).

12. On or about 1996 Mr. Buffonge first applied to Prudential for Long Term Disability benefits in relation to his June 1993 injuries. His claim was not finally denied by Prudential until November 25, 1997.

13. In August 1996, Mr. Buffonge applied for Social Security Disability Benefits. He received Social Security Disability benefits in relation to his June 1993 injuries as of May 1997. In the grant of Social Security Disability Benefits to Mr. Buffonge, it was determined that Mr. Buffonge was disabled from work as of February 20, 1996.

14. In December 1997 and February 1998, Mr. Buffonge was involved in automobile accidents which exacerbated his injuries.

15. On or about April 1997 Mr. Buffonge's initial application for Long Term Disability benefits was denied by Prudential. Mr. Buffonge timely appealed the initial denial of benefits to Prudential's Appeals Committee.

16. On November 25, 1997, by letter to his attorney, Prudential informed Mr. Buffonge that his appeal of the denial of Long Term Disability benefits was denied, that he would not be receiving Long Term Disability benefits from Prudential, and that this denial completed the final level of appeal available to him regarding the denial of Long Term Disability benefits to him. This letter was received by Mr. Buffonge after November 25, 1997. Accordingly, Mr. Buffonge has exhausted in a timely fashion all of the administrative remedies available to him regarding Prudential's denial of Long term Disability benefits to him.

17. In its November 25, 1997 letter denying benefits to Mr. Buffonge, Prudential stated that Mr. Buffonge was being denied Long Term Disability benefits as he was not "impaired ...from performing the duties of his occupation for the period February 21, 1996 through August 20, 1996," essentially holding that Mr. Buffonge was not totally disabled during the relevant six month qualifying period for benefits. This conclusion denying Mr. Buffonge benefits by claiming that he was not totally disabled during the qualifying period, was wrong, was factually and medically incorrect, was contrary to the Long Term Disability program, was contrary to law, and was arbitrary and capricious.

18. The denial of Long Term Disability benefits to Mr. Buffonge on November 25, 1997 was wrong, was factually and medically incorrect, was contrary to the Long Term Disability program, was contrary to law, and was arbitrary and capricious.

19. Since November 25, 1997 Mr. Buffonge has remained unable to perform the material and substantial duties of his occupation, and has remained unable to perform the material and substantial duties of any job for which he was reasonably fitted by reason of his education, training and experience. Since November 25, 1997, Mr. Buffonge has not worked at any job for wages or profit, and has remained under the regular care of a doctor for his June 1993 injuries. Since November 25, 1997 Mr. Buffonge has remained totally disabled, and has continued to receive Social Security Disability Benefits due to his total disability.

## COUNT I-AGAINST PRUDENTIAL FOR VIOLATION OF 29 USC SECTION 1132

20. Plaintiff realleges and incorporates by reference as if fully stated herein, paragraphs 1 through 19 above.

21. By its actions set forth above, Prudential has wrongfully denied Plaintiff the Long Term Disability benefits to which he is entitled under the Long Term Disability program under which Plaintiff was covered while he was an employee of Wang.

WHEREFORE, Plaintiff demands that this Court issue a declaratory judgment that Plaintiff is entitled to Long Term Disability benefits from Prudential under the Long Term Disability benefit program made available to him as a Wang employee, that this Court determine the nature and amount of such benefits, that this Court Order Defendant

Prudential to pay Plaintiff the Long Term Disability benefits to which he is entitled from Prudential, that this Court enter judgment against Prudential and in favor of Plaintiff in an amount to be determined by this Court, plus interest, interest since November 1997, attorneys fees, and such other and further relief that this Court deems fair and just.

## COUNT I-AGAINST GETRONICS FOR VIOLATION OF 29 USC SECTION 1132

22. Plaintiff realleges and incorporates by reference as if fully stated herein, paragraphs 1 through 21 above.

23. By its actions set forth above and as a sponsor of the Long Term Disability Plan at issue, Getronics has wrongfully denied Plaintiff the Long Term Disability benefits to which he is entitled under the Long Term Disability program under which Plaintiff was covered while he was an employee of Wang.

WHEREFORE, Plaintiff demands that this Court issue a declaratory judgment that Plaintiff is entitled to Long Term Disability benefits from Getronics under the Long Term Disability benefit program made available to him as a Wang employee, that this Court determine the nature and amount of such benefits, that this Court Order Defendant Getronics to pay Plaintiff the Long Term Disability benefits to which he is entitled under the Plan, that this Court enter judgment against Getronics and in favor of Plaintiff in an amount to be determined by this Court, plus interest, interest since November 1997, attorneys fees, and such other and further relief that this Court deems fair and just.

## JURY TRIAL DEMAND

**PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL COUNTS AND ISSUES SO TRIABLE.**

THOMAS BUFFONGE
By his attorney,
MITCHELL JAY NOTIS

*[signature]* 11/21/03

MITCHELL JAY NOTIS
ANNENBERG & LEVINE, LLC
370 Washington Street
Brookline, MA 02446
617-566-2700
BBO# 374360

5