UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS BUFFONGE,<br>Plaintiff<br><br>v.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA<br><br>And<br><br>GETRONICS WANG CO, LLC,<br>Defendants | Civil Action No.: 03-12355-RCL |

## ANSWER OF THE DEFENDANTS TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRTAL

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, The Prudential Insurance Company of America ("Prudential"), and Getronics Wang Co., LLC who is misnamed and should be named GetronicsWang Co., LLC ("Getronics") (collectively "the defendants") by and through their attorneys, submit the following as their answer to the plaintiff's Complaint and Demand For Jury Trial ("Complaint").

### First Defense

With respect to the specific allegations of the Complaint, the defendants hereby answer as follows:

### Introduction

1. This introductory paragraph sets forth legal conclusions and argument to which no response is necessary. To the extent a response is necessary, the defendants deny the allegations

24878.1

of this paragraph.

## Jurisdiction and Venue

2.   This jurisdictional paragraph sets forth legal conclusions to which no response is necessary. To the extent a response is necessary, the defendants do not contest this Court's jurisdiction.

3.   This venue paragraph sets forth legal conclusions to which no response is necessary. To the extent a response is necessary, the defendants do not contest the plaintiffs choice of venue.

## Parties

4.   The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

5.   Admitted.

6.   Defendants deny the first sentence of this paragraph. Defendants admit that Getronics acquired the business of Wang Global and deny the remainder of the second sentence of paragraph 6. The remainder of this paragraph sets forth legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny.

## Factual Background

7.   Defendants admit that Buffonge was an employee of Wang and deny the remainder of the first sentence of paragraph 7. The defendants admit the remainder of the allegations contained in paragraph 7.

24878.1

8. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

9. As to the first sentence in paragraph 9, the defendants deny the allegations. The defendants admit that the Plaintiff sought medical treatment and that Plaintiff's final month of work was February 1996 and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph. Therefore, the defendants deny the remainder of the allegations set forth in this paragraph.

10. The defendants deny the allegations contained in the first sentence of this paragraph and further answer that the plaintiff's employment was terminated on October 21, 1996. The defendants deny the allegations contained in sentences two (2), three (3), and four (4) of paragraph 10. The defendants admit the remaining allegations set forth in this paragraph.

11. The defendants admit that the plaintiff is a Plan participant. Prudential denies that it is the Plan administrator. The defendants admit that the Plan is an employee welfare benefit plan within the meaning of ERISA. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and therefore deny the remainder of the allegations.

12. The defendants admit that the plaintiff filed a claim for benefits under the Plan in 1996. Prudential admits that in 1997 it denied the plaintiffs claim.

13. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

14. The defendants are without knowledge or information sufficient to form a belief as

3

to the truth of the allegations set forth in this paragraph.

15. Admitted.

16. The defendants state that the referenced letter of November 25, 1997 speaks for itself and therefore they deny the allegations regarding the contents of that letter. In further answering, the remaining allegations of this paragraph set forth legal conclusions to which no response is necessary. To the extent a response is necessary, the defendants deny the remaining allegations of this paragraph.

17. The defendants state that the referenced letter of November 25, 1997 speaks for itself and therefore they deny the allegations regarding the contents of that letter. In further answering, the remaining allegations of this paragraph set forth legal conclusions to which no response is necessary. To the extent a response is necessary, the defendants deny the remaining allegations of this paragraph.

18. This paragraph sets forth legal conclusions to which no response is necessary. To the extent a response is necessary, the defendants deny the allegations of this paragraph.

19. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph regarding plaintiff's Social Security Disability Benefits. Otherwise denied.

## Count I

### (29 U.S.C. 1132(a) claim vs. Prudential)

20. The defendants repeat and incorporate their responses to the allegations in paragraphs 1 - 19 as if fully set forth herein.

21. This paragraph sets forth legal conclusions to which no response is necessary. To response is necessary, Prudential denies the allegations of this paragraph.

### Request for Relief

This paragraph sets forth requests for relief to which no response is necessary. To the a response is necessary, Prudential denies that the plaintiff is entitled to the relief he requests.

### Count II
### (29 U.S.C. 1132(a) claim vs. Getronics)

22. The defendants repeat and incorporate their responses to the allegations in paragraphs 1 -21 as if fully set forth herein.

23. This paragraph sets forth legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

### Request for Relief

This paragraph sets forth requests for relief to which no response is necessary. To the extent a response is necessary, Defendants deny that the plaintiff is entitled to the relief he requests.

### Jury Demand

The defendants have filed a Motion to Strike Plaintiffs Jury Demand inasmuch as his claim is based on the defendants' alleged violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Jury trials are not available in actions such as this, where the plaintiff is seeking welfare benefits under 29 U.S.C. §§ 1132(a)(1)(B).

5

24878.1

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The defendants have fully performed the duties they owed to the plaintiff under the Plan.

### Third Affirmative Defense

The plaintiff has failed to meet his burden of demonstrating that he is totally disabled within the meaning of the Plan.

### Fourth Affirmative Defense

Extra-contractual damages and Prejudgment interest are not available in ERISA benefits actions, therefore the plaintiff's request for such relief must be stricken.

### Fifth Affirmative Defense

The defendants have complied with and performed all of their promises, obligations and duties to the plaintiff under the Plan and the handling of the plaintiff's claim complied fully with ERISA.

### Sixth Affirmative Defense

The defendants did not abuse their discretion in administering the plaintiff's claim.

### Seventh Affirmative Defense

24878.1

The plaintiff's claim for attorney's fees should not be granted because the defendants' defenses are reasonable and made in good faith.

### Eighth Affirmative Defense

Each and every act done or statement made by the defendants with reference to the plaintiff was a good faith assertion of the defendants' rights and therefore are privileged and/or justified.

### Ninth Affirmative Defense

Pursuant to 29 U.S.C. § 1132(g), the defendants are entitled to an award of its reasonable attorney's fees incurred in the defense of this action.

### Tenth Affirmative Defense

The Complaint must be dismissed because of misnomer of a party.

### Eleventh Affirmative Defense

The plaintiff's claim is barred by the statute of limitations.

### Twelfth Affirmative Defense

The plaintiff's claim is barred by the doctrine of latches.

### Thirteenth Affirmative Defense

The defendants reserve the right to raise additional defenses up to and including the time of trial.

WHEREFORE, the defendants pray that the Court:

7

24878.1

I.   Enter judgment in the defendants' favor on all counts of the Complaint;

II.  Award the defendants reasonable costs of suit and attorneys' fees; and

III. Grant the defendants such other and further relief as this Court deems proper.

>THE PRUDENTIAL INSURANCE
>COMPANY OF AMERICA,
>and GETRONICSWANG CO., LLC,
>By Its Attorneys,
>
>__/s/_____
>William T. Bogaert, BBO#546321
>Carey L. Bertrand, BBO#650496
>WILSON, ELSER, MOSKOWITZ,
>EDELMAN & DICKER, LLP
>155 Federal Street
>Boston, MA 02110
>(617) 422-5300

## CERTIFICATE OF SERVICE

I certify that I have served the foregoing document upon all other counsel of record, as set forth below, by first-class mail, postage prepaid, on April 23, 2004.

>Mitchell Jay Notis Esq.
>Annenberg & Levine, LLC
>370 Washington Street
>Brookline, MA 02446
>
>__/s/_____
>Carey L. Bertrand

24878.1