UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THOMAS BUFFONGE,
Plaintiff

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

And

GETRONICS WANG CO, LLC,
Defendants

Civil Action No.: 03-12355-RCL

THE DEFENDANTS' MEMORANDUM IN SUPPORT
OF MOTION TO STRIKE JURY CLAIM

The Prudential Insurance Company of America ("Prudential") and Getronics Wang Co., LLC (collectively "the defendants") submit this memorandum in support of their motion to strike the jury claim set forth in the plaintiff's Complaint and Demand for Jury Trial ("Complaint").

Facts and Procedural History

Plaintiff Thomas Buffonge ("Buffonge") was employed as a logistics coordinator by Wang Laboratories ("Wang") from 1983 until 1996. Complaint, ¶ 7. The plaintiff was injured while at work on June 15, 1993. Complaint, ¶ 7. Although he received medical treatment for that injury, Buffonge continued to work for Wang until February, 1996. Complaint, ¶ 9.

As an employee benefit, Wang offered group disability insurance to its qualified employees. Complaint, ¶ 11. The benefits provided through the Long Term Disability Program

24879.1

("Plan") that Wang established and maintained for its qualified employees are insured by Prudential. *Id.* In connection with his employment at Wang, the plaintiff participated in the Plan. Complaint, ¶1, 10-11. In light of the plaintiff's inability to work, in June 1996 Wang terminated his employment. Complaint, ¶ 10. Sometime after the plaintiff was terminated, Wang ceased doing business. Complaint, ¶ 10. The plaintiff alleges that Getronics acquired certain aspects of Wang's business, and that it became the Plan sponsor. ¶4. The plaintiff alleges that he continued to participate in the Plan after Getronics assumed the position of Plan sponsor. Complaint ¶ 14.

The plaintiff submitted a claim for benefits under the Plan in 1996. Complaint, ¶ 12. Prudential first denied the plaintiffs disability claim in April, 1997. Complaint, ¶ 12. Buffonge appealed the denial of his claim and Prudential's Appeals Committee upheld its decision to deny the plaintiffs claim on November 25, 1997. Complaint, ¶11, 16-17. Prudential denied the plaintiffs claim on the grounds that he was not "impaired... from performing the duties of his occupation for the period [sic] February 21, 1996 through August 20, 1996". Complaint, ¶ 17. The plaintiff claims that the decision to deny his claim was contrary to law, and was arbitrary and capricious. Complaint, ¶ 18.

On November 21, 2003, the plaintiff filed suit against Prudential and Getronics in the United States District Court for the District of Massachusetts. The Complaint contains two counts, one against Prudential and the other against Getronics. In both counts of the Complaint, Buffonge alleges that in denying his claim for benefits the defendants violated 29 U.S.C. § 1132(a); ERISA § 502(a)(I)(B). Complaint, ¶¶ 21, 23.

Inasmuch as there is no right to a jury in an action to recover benefits under an ERISA regulated employee welfare benefit plan, the Court should grant the defendants' motion to strike plaintiffs jury claim.

24879.1

## ARGUMENT

### THE PLAINTIFF IS NOT ENTITLED TO A JURY ON HIS ERISA CLAIMS AS A MATTER OF LAW.

On more than one occasion the First Circuit has held that there is no right to a jury trial in an ERISA benefits action. *Dudley Supermarket, Inc. v. Transamerica Life Ins. And Annuity Co.*, 302 F.3d 1 (1st Cir. 2002)(ERISA preempts state law actions and under ERISA, no right to trial by jury attaches); *Hampers v. WR. Grace & Co., Inc.*, 202 F.3d 44, 54 (1st Cir. 2000)(where plaintiffs common law breach of contract claim, arising out of defendants' alleged failure to enroll plaintiff in ERISA-governed pension plan, was preempted by ERISA, "the district court did not err in denying [plaintiffs] demand for a jury trial."); *Recupero v. New England Tel. and Tel. Co.*, 118 F.3d 820, 840 (1st Cir. 1997) ("a jury decision on an interpretive question does not apply when the court's role is limited to judicial review of an out-of-court decision"); *accord Gentile v. John Hancock Mut. Life. Ins. Co.*, 951 F.Supp. 284 (D.Mass. 1997)(no right to jury in claim for benefits under an ERISA-regulated welfare benefits plan); *Jackson v. Truck Drivers Union Local 42 Health and Welfare Fund*, 933 F.Supp. 1124 (D. Mass. 1996)(no right to jury in claim relating to an ERISA regulated pension benefits plan; *Stanford v. AT&T Corp.*, 927 F.Supp. 524 (D. Mass. 1996)(same).

In the present case, the plaintiff is making a claim for long term disability benefits under an ERISA-regulated benefit plan. As set forth in the Complaint, the plaintiff's sole cause of action is under ERISA's civil enforcement section, § 502(a)(1)(B). In his Complaint, the plaintiff demanded "a trial by jury as to all counts and issues so triable." Complaint, ¶ 5. It is now apparent that there are no counts or issues so triable. This is so because the plaintiff is not entitled a jury trial on his ERISA claims as a matter of law.

24879.1

## CONCLUSION

For the foregoing reasons, the defendants request that the Court issue an Order:

1. Striking the jury claim set forth in the Complaint; and

2. Granting the defendants such other and further relief as the Court deems just and proper.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
and GETRONICSWANG CO., LLC,
By Its Attorneys,

  /s/
William T. Bogaert, BBO#546321
Carey L. Bertrand, BBO#650496
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

## CERTIFICATE OF SERVICE

I certify that I have served the foregoing document upon all other counsel of record, as set forth below, by first-class mail, postage prepaid, on April 23, 2004.

Mitchell Jay Notis Esq.
Annenberg & Levine, LLC
370 Washington Street
Brookline, MA 02446

  /s/
Carey L. Bertrand

24879.1