UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS BUFFONGE,<br>Plaintiff<br><br>v.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA<br><br>And<br><br>GETRONICS WANG CO, LLC,<br>Defendants | Civil Action No.: 03-12355-NMG |

**INITIAL DISCLOSURES OF THE PRUDENTIAL INSURANCE COMPANY OF AMERICA AND GETRONICSWANG CO, LLC PURSUANT TO FED. R. CIV. P. 26(a)**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, The Prudential Insurance Company of America ("Prudential"), and Getronics Wang Co., LLC who is misnamed and should be named GetronicsWang Co., LLC ("Getronics") (collectively "the defendants") make its initial disclosures set forth below. These disclosures are based on information reasonably available to Prudential and Getronics as of the date of this document. Prudential and Getronics reserve the right to supplement its disclosures based on information developed in the course of discovery or further factual investigation.

The Defendants generally understand that the Plaintiff is alleging that Prudential's decision to not make payment of long-term disability benefits to him was contrary to the terms of the Wang Laboratories Employee Benefit Plan ("Plan"). It is the defendants' understanding that the Plaintiff is alleging violations of the Employee Retirement Income Security Act of 1974, 29

1

26265.1

U.S.C. §§ 1001, *et seq.* ("ERISA") relating to Prudential declination of the Plaintiff's claim for benefits. Defendants dispute these allegations and base its Initial Disclosure on this understanding of the nature of the plaintiff's claims.

A.  **Disclosure Pursuant to Fed. R. Civ. P. 26(a)(1)(A)**[1]

The following is a list of persons known to Defendants or to Defendants' attorneys who are likely to have discoverable information that Defendants may use to support its defenses in this action[2]:

1.  Thomas Buffonge

    Milton, MA

Plaintiff is likely to have discoverable information relating to his medical history as well as his restrictions and limitations. Plaintiff is also likely to have discoverable information concerning the nature and extent of his duties and responsibilities as a logistics coordinator and the accommodations, which were made for Plaintiff in this position. Plaintiff may have other discoverable information.

2.  The following individuals are or were Prudential employees located in the Disability Management Services Department in Parsippany, New Jersey (P.O. Box 2300):

    a.  Daniel Dougherty, Director
    b.  Anna Swan, Disability Claim Manager
    c.  Nancy Halligan, Disability Claim Manager
    d.  Lynn Schneider, Disability Claim Manager
    e.  Dina Ackerson, Disability Claim Manager
    f.  Peter Forte, Disability Claim Manager
    g.  Joyce Moran, Disability Claim Manager
    h.  Kathleen Caprioglio, RN Claim Manager

---

[1] Prudential incorporates by reference the persons identified by plaintiff in his initial disclosures of Plaintiff.

[2] Plaintiff's claims relate to an employee benefit plan governed by ERISA. Inasmuch as the Plan confers upon Prudential authority to determine eligibility for benefits, it is Prudential's position that the Court's review is limited to ascertaining whether Prudential's decision was reasonable based on the administrative record before the claim administrator. Since this action involves judicial review of an administrative record which Prudential maintains is complete, it is Prudential's position that no further discovery is warranted.

26265.1

   i.  Marlaina Murray, Disability Claim Manager
   j.  Betsy Flanagan
   k.  Christohper Villares
   l.  Roger Clark
   m.  Dr. Scott
   n.  Paula Arbadji
   o.  Pamela Davis
   p.  Andrew Donald
   q.  Chris Longo, Manager, Claim Operations
   r.  Amy Anjos, Disability Claim Manager
   s.  Linda Gasowski, Associate Manager

The persons listed above may have discoverable information concerning plaintiff's claim for disability benefits and the terms and conditions of Prudential Group Contract No. GW-22690 and may have other discoverable information.

3. The following individuals are or were employees of GetronicsWang Co. LLC, and worked at a variety of Getronics locations but are generally located at Getronics North America Operations, 290 Concord Road, Billerica, MA 01821:

   a. Linda Daly, Benefits Administrator
   b. Jean Bullerell
   c. Elaine Stansfield
   d. Amy DelMar, Benefits Administrator
   e. Paula Cravott, Human Resources

The persons listed above may have discoverable information concerning plaintiff's employment with Wang Laboratories and his claim for disability benefits and may have other discoverable information.

4. Jonathan Rutchick, M.D.
   Occupational Health and Rehabilitation
   65 Walnut St.
   Wellesley, MA 02181

5. Emilio Jacques, Jr. M.D.
   67 Broadway
   Somerville, MA 02145

6. David W. Duhme, M.D.
   Harvard University
   University Health Services
   75 Mt. Auburn St.
   Cambridge, MA 02138

7. James Bayley, M. D.

       Harvard University
       University Health Services
       75 Mt. Auburn St.
       Cambridge, MA 02138

8.    Harvard University
       University Health Services
       75 Mt. Auburn St.
       Cambridge, MA 02138

9.    Haru Khalsa, D.C.
       Khalsa Chiropractic
       1718 Massachusetts Ave.
       Cambridge, MA 02138

10.   Stephen J. Lipson, M.D.
       Beth Israel Hospital, Orthopedic Surgeons
       330 Brookline Ave.
       Boston, MA 02215

11.   Michael A. Carty, M.D.
       Harvard University
       University Health Services
       75 Mt. Auburn St.
       Cambridge, MA 02138

12.   William L. Kermond, M.D.
       850 Boylston St., Suite 100
       Chestnut Hill, MA 02167

13.   Frederick S. Ayers, M.D.
       797 Main St.
       South Weymouth, MA 02190

14.   John F. Duff, M.D.
       850 Boylston St., Suite 100
       Chestnut Hill, MA 02167

15.   James E. O'Neil, M.D.
       850 Boylston St., Suite 100
       Chestnut Hill, MA 02167

The persons listed above may have discoverable information relating to plaintiff's medical

26265.1

history as well as his restrictions and limitations and his current medical condition. Some of them are also likely to have discoverable information concerning plaintiff's claim for disability benefits and may have other discoverable information.

B.   **Disclosure Pursuant to Fed. R. Civ. P. 26(a)(1)(B)**

The following is a description by category of all non-privileged documents currently in the possession, custody or control of the Defendants or its attorneys, which it may use to support its defenses in this action:

1. Documents regarding the contractual relationship between The Prudential Insurance Company of America and Wang Laboratories, Inc. relating to Prudential Group Contract No. GW22690 and the Plan.

2. Documents in Prudential's claim file relating to the disability benefits claim filed by Thomas Buffonge, bearing Prudential claim No. 10081691.

3. Documents regarding medical treatment rendered to Thomas Buffonge, and corresponding bills for services relating thereto.

4. Documents related to Thomas Buffonge's employment as a logistics coordinator at Wang Laboratories.

C.   **Disclosure Pursuant to Fed. R. Civ. P. 26(a)(1)(C)**

A computation of damages by the disclosing party: Neither defendant is claiming damages in this action and therefore possesses no information, which should be disclosed pursuant to this section.

D.   **Disclosure Pursuant to Fed. R. Civ. P. 26(a)(1)(D)**

Any insurance agreement under which any person carrying on an insurance

business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment:

The Benefits available to participants and beneficiaries under the Plan are insured by Prudential. Prudential will make Prudential Group Contract No. GW-22690 available to plaintiff for inspection and copying. The relevant insurance documents are or will be in the possession of the undersigned attorneys for Prudential and Getronics.

>THE PRUDENTIAL INSURANCE
>COMPANY OF AMERICA,
>and GETRONICSWANG CO., LLC,
>By Its Attorneys,
>
>　/s/ Carey Bertrand　
>William T. Bogaert, BBO#546321
>Carey L. Bertrand, BBO#650496
>WILSON, ELSER, MOSKOWITZ,
>EDELMAN & DICKER, LLP
>155 Federal Street
>Boston, MA 02110
>(617) 422-5300

Dated: June 28, 2004

## CERTIFICATE OF SERVICE

I certify that I have served the foregoing document upon all other counsel of record, as set forth below, by first-class mail, postage prepaid, on June 28, 2004.

>Mitchell Jay Notis Esq.
>Annenberg & Levine, LLC
>370 Washington Street
>Brookline, MA 02446

>　/s/ Carey Bertrand　
>Carey L. Bertrand

26265.1