UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS BUFFONGE,<br>Plaintiff<br><br>v.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA<br><br>And<br><br>GETRONICS WANG CO, LLC,<br>Defendants | Civil Action No.:  03-12355-NMG |

**DEFENDANTS', THE PRUDENTIAL INSURANCE COMPANY OF AMERICA AND GETRONICS WANG CO, LLC, MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE RECORD**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, The Prudential Insurance Company of America ("Prudential") and Getronics Wang, Co., LLC ("Getronics") (hereinafter collectively referred to as "Prudential" or "Defendants"), submit this memorandum of law in support of its motion for summary judgment on the record.

**PROCEDURAL BACKGROUND**

On November 21, 2003, the Plaintiff filed this action in the United States District Court for the District of Massachusetts to recover long term disability benefits under a group insurance policy issued by Prudential to the Plaintiff's employer, Wang Laboratories, Inc.[1]   The Plaintiff sought additional time to complete service of the complaint and an extension was granted until April 19, 2004.  The Plaintiff served his Complaint on both Defendants within the specified time

---

[1] Wang Laboratories Inc., is no longer in business and the Getronics Wang Co, LLC acquired the business of Wang

1

period.  The parties agree that the Plaintiff's claims in this action relate to an employee welfare benefit plan and are governed by the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Compl. ¶ 1; Answer ¶ 11.  The Plaintiff's claims fall under section 502(a)(1)(B) of ERISA.  *See Wickham v. Northwestern Nat'l Ins. Co.,* 908 F. 2d 1077, 1082 (1st Cir.), *cert. Denied,* 498 U.S. 1013 (1990).[2]

Defendants filed their answer to Plaintiff's Complaint on April 23, 2004.  At the same time, Defendants filed a Motion to Strike Plaintiff's Jury Demand and Plaintiff did not oppose the Motion.  This Court granted the Motion to Strike on May 14, 2004. On June 2, 2004, the Court ordered that all dispositive motions be filed on October 20, 2004.  On June 24, 2004, this case was reassigned to Judge Nathaniel M. Gorton.  On September 28, 2004, the Parties filed the Record for Judicial Review consisting of 134 numbered exhibits, bate stamped TB 001-425.

## SUMMARY OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The plaintiff filed this action seeking long term disability benefits under Group Contract No. GW-22690 issued by Prudential to Wang Laboratories, which is an employee welfare benefit plan governed by ERISA.  Wang Laboratories, Inc. ("Wang") established and maintained the Wang Laboratories Long Term Disability Insurance  Plan ("Plan"). R. Ex. 2 at TB 46.[3]  In addition to being the Plan sponsor, the Wang Benefits Plan Advisory Committee also serves as the Plan administrator.  R. Ex. 3 at TB 83.  Prudential underwrites the plan's long-term disability benefits and it serves as the claims administrator with regard to claims for long term disability

---

Global.

[2] With regard to civil actions brought by Plan participants or beneficiaries to recover plan benefits, 29 U.S.C. §1132 provides, in part, as follows:
    (a)    A civil action may be brought --
            (1)  by a participant or beneficiary --…
    (B)    to recover benefits due him under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan…

[3] Citations to the record are to the Record for Judicial Review ("Record") filed by the Parties and are numbered

benefits. R. Ex. 1, R. Ex. 4 at TB 115.

Prudential contends that because the Plan grants it discretionary authority to determine eligibility for benefits, the appropriate standard of review is deferential and is limited to determining whether Prudential's claim decision is arbitrary and capricious, or without rational basis.  Under this standard, courts will uphold the decision if it is within the administrator's authority, reasoned and supported by substantial evidence in the record.  Inasmuch as the decision on the plaintiff's claim is within Prudential's authority, is reasoned and is supported by substantial evidence in the record, both Prudential and Getronics are entitled to summary judgment on the undisputed facts as a matter of law.

I.      STATEMENT OF MATERIAL FACTS OF RECORD

Pursuant to Local Rule 56.1 of the United States District Court for the District of Massachusetts, Prudential and Getronics set forth the following statement of material facts of record, as to which it contends there is no genuine issue to be tried.

1.      The Parties and The Plan

This suit arises out of plaintiff Thomas Buffonge's ("Buffonge") participation in the Wang Laboratories, Inc.'s' Long Term Disability Insurance Plan ("Plan").  The Plan was established and was maintained by Plaintiff's former employer, Wang Laboratories, Inc. ("Wang").  Record Exhibit ("R. Ex.") 2 at TB 46-52.  Wang contracted with Prudential to provide its employees with a long-term disability benefits plan as part of its employee benefits program.  R. Ex. 1, TB 1-45, R. Ex. 2 TB 46-52.     The Group Contract, GW-22690 and the Plan contain the terms and conditions of the administration of the LTD Plan. R. Ex. 1, TB 1-45, R. Ex. 2 TB 46-52.  Wang designated the Wang Benefits Plan Advisory Committee the Plan Administrator and the fiduciary

---

exhibits numbered 1 through 134.

of the Plan. R. Ex. 2, at TB 46. The Committee has the full discretionary authority to control and manage all aspects of the Plan and the Committee designated Prudential as the claims administrator of the LTD Plan. Id. The Committee's discretionary authority includes interpreting and applying the terms of the plan, to make all determinations regarding claims for benefits from the Plan, and to require the completion and submission of such forms as it may specify as a condition to eligibility under the Plan or payment of benefits. R. Ex. 2, at TB 46-47. The Committee has the right to delegate any or all of these powers to any other person or committee. R. Ex. 2, at TB 47. The Plan administrator has the exclusive right to interpret and administer the provisions of all self-insured plans in it sole discretion. R. Ex. 4 at TB 115. The individual [insurance] carriers shall be the final arbiters with respect to all claims submitted under the terms of their contracts. Id.

Pursuant to the terms of the Plan, with regard to claims for total disability benefits, the Plan's Booklet-Certificate provides as follows:

"Total Disability" exists <u>when Prudential determines</u> that all of these conditions are met:

(1)  Due to Sickness or accidental injury, both of these are true:
  (a)  you are not able to perform, for wage or profit, the material and substantial duties of your occupation.
  (b)  After the Initial Duration of a period of Total Disability, you are not able to perform for wage or profit the material and substantial duties of any job for which you are reasonably fitted by your education, training or experience. The Initial Duration is shown in the Schedule of Benefits.
(2)  you are not working at any job for wage or profit.
(3)  you are under the regular care of a Doctor. R. Ex. 1 at TB033.(emphasis added.)

The Plan pays benefits when one is disabled for longer that 26 weeks. R. Ex. 3, TB at 70. LTD benefits begin after the 26th week of total disability. Id.

2.  <u>Plaintiff's Claim for LTD Benefits</u>

Buffonge asserts that the Plan is governed by ERISA, which Prudential does not contest. Compl. ¶ 1; Answer ¶ 11.  Buffonge began working for Wang in Lowell, Massachusetts in 1983. Compl. ¶ 7.  Buffonge was a Plan participant pursuant to his employment with Wang. Answer ¶ 11.  Buffonge's employment was terminated on October 21, 1996. Answer ¶ 10.

Buffonge submitted a claim for long-term disability benefits on or about 1996. Compl. ¶ 12.  After receiving the claim, Prudential obtained and reviewed Buffonge's medical records.  See e.g., R. Exs. 9, 10 TB 142-144.  The medical records indicated that Buffonge had been discharged from physical therapy in February, 1996 pain and symptom free.  R. Ex. 93, 12.  As of June 27, 1996, another medical record indicated that tests performed on Buffonge were well within normal limits and that Buffonge could return to his desk job with phone and computer duties with limited restrictions.  R. Ex. 123, 12.

Based on plaintiff's medical records, Prudential determined that Buffonge was not disabled within the definition of the Plan and denied Buffonge's claim for benefits. R. Ex.12. Prudential determined that Buffonge did not meet the criteria of total disability as defined by the Plan since the medical records reviewed indicated he was able to continue working at his described employment, which was a desk job. R. Ex. 12.  Prudential informed Buffonge of his right to appeal Prudential's decision. R. Ex. 12.

Buffonge subsequently appealed this decision by letter on November 14, 1996 but did not provide Prudential with any additional medical records or other information to support his appeal. R. Ex. 13, 15.  Prudential upheld its decision to deny benefits to Buffonge on November 26, 1996. R. Ex. 15.  Prudential reasoned that Buffonge was not eligible for benefits since he did not meet the requirements of the elimination period, namely that one be disabled continuous for twenty-six (26) weeks before benefits can be paid. R. Ex.15.  The Elimination Period for

Buffonge was from February 21, 2006 through August 20, 1996. R. Ex. 15.  Prudential noted that Buffonge had returned to work in modified position which met the restrictions given by Buffonge's treating physicians. R. Ex. 15.

Buffonge appealed this decision on February 10, 1997.  R. Ex. 16.  Prudential had not received any additional medical records to support Buffonge's appeal and informed Buffonge of such in April of 1997. R. Ex.  18.  As part of the appeals process, Prudential reviewed a job description, which Wang provided and inquired with Wang as to the nature and physical requirements of Buffonge's employment.  R. Ex. 22, 24.  Prudential determined that the medical records did not support a finding of total disability throughout the Plan's Elimination Period and thereafter.  Also, Prudential found that the medical records did not state that Buffonge was unable to work in his position as a logistics coordinator.  R. Ex. 27.  The Plan defines the Elimination Period as, "For each period of Total Disability due to Sickness or accidental Injury, …the end of the first 26 weeks of continuous disability. R. Ex. 2 at TB24.

On July 25, 1997, Buffonge once again appealed Prudential's decision by letter.  R. Ex. 28.  Prudential acknowledged receipt of Buffonge's appeal in a letter dated September 3, 1997 whereby Prudential also informed Buffonge of Prudential's continued review of his claim for benefits.  R. Ex. 29.  Buffonge submitted a report from Dr. Jacques in support of his claim for total disability benefits.  R. Ex. 30.  Dr. Jacques report of August 27, 1997 opined that Buffonge was totally disabled from any occupation.  Id. However, Dr. Jacques then opined that Buffonge was totally disabled from repetitive bending, lifting, pushing, pulling and carrying over 15-20lbs. and is disabled from any repetitive squatting and crawling positions. Id.  Dr. Duhme, another of Buffonge's treating physicians, on July 16, 1997, wrote to Buffonge's attorney to "confirm his feeling that Buffonge had a permanent and complete long-term disability."  R. Ex. 132.

6

30625.1

Prudential sent Buffonge's file to an independent occupational health and rehabilitation specialist for a medical records review as part of Prudential's review of its decision. R. Ex. 33. Dr. Jonathan Rutchik performed the review and concluded that the medical records indicated that Buffonge could work in a full time, sedentary position such as the logistics coordinator position as outlined by Wang. R. Ex. 34.

Based on Dr. Rutchik's review, the medical records, the job description and information provided by Wang and the applicable plan provisions, Prudential upheld its decision to deny Buffonge's claim for benefits. R. Ex. 38. Prudential informed Buffonge of its decision by letter on November 25, 1997. R. Ex. 38. Given this decision, Buffonge exhausted his final level of appeal with Prudential. R. Ex. 38, Compl. ¶ 16.

## II.   ARGUMENT

**A. This Action is Ripe for Resolution by Summary Judgment Because There Are No Disputed Issues of Material Fact and Prudential and Getronics Are Entitled to Judgment As A Matter of Law.**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In this case, the Plaintiff bears the burden of making a showing sufficient to establish that Prudential's decision to deny LTD benefits was unreasonable. Terry v. Bayer, 145 F.3d 28 (1st Cir. 1998).

ERISA denial of benefit actions often are decided at the summary judgment stage. Twomey, 328 F.3d 27, 31 (1st Cir. 2003); Terry, 145 F.3d 28, 30 (1st Cir. 1998); McMahon v.

7

Digital Equipment Corp., 162 F.3d 28, 39 (1st Cir. 1998). While Plaintiff may contend that there is contrary evidence regarding his disability and the extent of his restrictions and limitations, such contention does not change this analysis. Terry, 145 F.3d at 45. "[T]he facts of record, even viewed in the light most favorable to plaintiff, would be insufficient to convince any reasonable fact finder that [Prudential] acted arbitrarily and capriciously in determining that plaintiff was not entitled to Long Term Disability benefits." Karamshahi v. Northeast Utilities Service Co., 41 F. Supp. 2d 101, 103 (D. Mass. 1999).

In accordance with Rule 56(c), this Court should grant Defendants' motion for summary judgment because, as will be shown below, there are no issues of fact material to the plaintiff's claim.

**B. The Applicable Standard of Review of Prudential's Claim Decision Is Whether The Decision Was Arbitrary and Capricious Or An Abuse of Discretion Based on the Record Before Prudential At The Time It Made Its Decision.**

1. Standard of Review

Judicial review in this matter is limited to determining whether Prudential's decision was arbitrary and capricious or without rational basis. The Supreme Court has determined that "a denial of benefits challenged under §502(a)(1)(B) of ERISA, §1132(a)(1)(B), is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone v Tire & Rubber Co., v. Bruch, 489 U.S. 101, 115 (1989); Sullivan v. Raytheon Co., 262 F. 3d 41 (1st Cir. 2001); Pari-Fasano v. ITT Hartford Life & Accident Ins., Co., 230 F. 3d 414, 418 (1st Cir. 2000); Terry, supra, 145 F.3d at 35. When a clear discretionary grant is found, "Firestone and it progeny mandate a deferential arbitrary and capricious standard of judicial review." Recupero v.

New England Tel. and Tel. Co., 118 F.3d 820, 827 (1st Cit. 1997).

In this case, the Plan grants discretionary authority to the Wang Benefits Plan Advisory Committee to establish…the conditions for eligibility for long term disability benefits. R. Ex. 2 at TB 46. The Plan grants discretionary authority to the Committee to be the plan administrator and fiduciary. R. Ex. 2 at TB 46. The powers of the Committee include full discretionary authority to interpret and apply the terms of the Plan, to make all determinations regarding claims for benefits and to require completion and submission of such forms as it may specify as a condition to eligibility under the Plan or payment of benefits. R. Ex. 2 at TB 47. The Committee has full discretionary authority to control and manage all aspects of the operation and administration of the Plan and the Committee may designate any person or committee to exercise and carry out any of the Committee's powers or responsibilities. R. Ex. 2 at TB 46. Pursuant to this discretion, the Committee contracted with Prudential to be the claims administrator of the Plan and thus, Prudential was the final arbiter with respect to all claims submitted under the terms of its contract. R. Ex. 4 at TB 115, R. Ex. 1, 2, 3, and 5.

The Plan specifically provides that Prudential is the ultimate decision-maker when it comes to benefit determinations and specifically provides that "Total Disability" exists when Prudential determines that all of these conditions are met…R. Ex1 at TB033.[4] Based on the

---

[4] First, the Plan, states that "Total Disability" exists <u>when Prudential determines</u> that all of these conditions are met:
  (1) Due to sickness or accidental injury, both of these are true:
     (a) You are not able to perform, for wage or profit, the material and substantial duties of your occupation.
     (b) After the Initial Duration of a period of Total Disability, you are not able to perform for wage or profit the material and substantial duties of any job for which you are reasonably fitted by your education, training or experience. The Initial Duration if shown in the Schedule of Benefits.
  (2) You are not working for any job or profit.
  (3) You are under the regular care of a Doctor. (emphasis added) R. Ex. 1, TB 33.

Second, Prudential also retains the power to place an individual receiving benefits on Rehabilitation Status,

foregoing, it is beyond any reasonable dispute that the Plan and the Committee granted Prudential "discretionary authority to determine eligibility for benefits and to construe the terms of the Plan." Firestone, supra. The language [of the Plan] mentioned above admits of no other interpretation. Terry, supra at 37.

Because the Plan affords Prudential discretionary authority to determine eligibility for benefits and to construe the terms of the Plan, Prudential's decision must be upheld unless it is arbitrary, capricious, or an abuse of discretion. Sullivan v. Raytheon Co., 262 F.3d 41(1St Cir. 2001).

2.   Scope of Review Under Arbitrary and Capricious Standard

When a claims administrator has discretion in administering an ERISA-regulated employee benefit plan, judicial review is limited to determining whether the administrator's action is arbitrary and capricious or without rational basis. Vlass v. Raytheon Employees Disability Trust, 244 F.3d 27, 29-30 (1st Cir. 2001). The abuse of discretion standard limits the grounds upon which a discretionary claim decision can be disturbed. In reviewing such a decision, a court may not "substitute its judgement" for that of the claim fiduciary. Terry, 145 F.3d at 40. It is for plan fiduciaries, and not courts, to choose between reasonable alternatives involving plan interpretation and administration. Jestings v. New England Telephone & Telegraph Co., 757 F.2d 8, 9 (1st Cir. 1985).

---

"Prudential may determine, after consulting your doctor that:
(1)   you are able to be in a program of rehabilitation that may help you to be able to support yourself; and
(2)   you should cease to be disabled and be able to support yourself after being in such program. R. Ex. 1, TB 35.
Finally, the Plan also explicitly states that Prudential's decisions govern determinations on benefit limitation,

"This section applies if your Total Disability, as determined by Prudential, is caused at least in part by mental, psychoneurotic or personality disorder" R. Ex. 1, TB 35.

When vested with discretionary authority, it is the claim administrator's responsibility to weigh conflicting evidence. Vlass, 244 F.3d at 32. It is the claim administrator's responsibility to make factual finding relating to a claimant's condition. Doyle, 144 F.3d at 185. Under the Plan, it is Prudential's duty to determine whether a claimant is able to perform the material and substantial duties of his or her occupation due to sickness or accidental injury. R. Ex. 1 at TB 33.

### 3. Record for Review

In an ERISA denial of benefits action, where abuse of discretion is the standard of review, the ordinary rule is that review is limited to the record made before the entity being reviewed, which, in this instance, is Prudential. Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 23 (1st Cir. 2003). The proper record to be considered by the Court is the record before Prudential when it made its final claim decision. See Kiley v. Travelers Indem. Co., 853 F. Supp. 6, 14 (D. Mass. 1994)("at least in the context of applying deferential standard of review, this Court will limit the record to the facts before [the claims administrator] absent further guidance from the First Circuit"). In Liston, the First Circuit stated that "at least some very good reason is needed to overcome the strong presumption that the record on review is limited to the record before the administrator." Id.

On September 28, 2004, the parties filed an agreed-upon Record for Judicial Review. The Record contains the documents that the parties agree were before Prudential when it made its final benefit determination and consists of 134 exhibits and 452 pages of documents. The full record for judicial review is now before the Court. Based on the standard of review, the scope of review and the Record, the Defendants are entitled to summary judgment as a matter of law.

**C.    Prudential's Determination That Plaintiff Was Not Totally Disabled Is Reasonable And Should Be Upheld Because It Is Supported By Substantial Evidence in the Record.**

30625.1

1.  <u>The Are Contractually Supportable Reasons for Denying Benefits</u>

There is evidence in the record that is reasonably sufficient to support Prudential's conclusion that the Plaintiff has the capacity to perform the duties of his sedentary occupation. *See* <u>Sullivan,</u> supra at 51 (security guard's ability to perform work in a sedentary environment made him ineligible for LTD benefits).  In making its claim decision, Prudential relied upon the Plan's definition of Total Disability, the requirements of the Elimination Period, the physical requirements of the position of Field Logistics Coordinator at Wang and the plaintiff's medical and physical therapy records.

In reaching its determination that benefits were not payable to Plaintiff, Prudential considered that in order to be deemed Totally Disabled under the Plan, the plaintiff must be incapable of performing, for wage or profit, the material and substantial duties of his occupation. R. Ex. 1 at TB 33.  Also, Prudential considered that one must be Totally Disabled under the Plan for a total of 26 weeks in order to qualify for benefits. R. Ex. 2 at TB24. The record reflects that Plaintiff's job is sedentary. R. Ex. 22, 24.  Moreover, as a logistics coordinator, every accommodation was made so that Plaintiff could work within his limitations.  R. Ex. 15 TB 152-153.

2.  <u>Substantial Evidence Exists to Support Prudential's Decision</u>

Substantial evidence exists within the record to support Prudential's decision.  Thus, the decision itself was not unreasonable under a deferential standard of review.  Moreover, a reviewing court does not weigh the evidence and determine which side it believes is right. <u>Doyle</u> v. <u>Paul Revere Life Ins. Co</u>, 144 F.3d 181, 184 (1st Cir. 1998).  The reviewing court's limited role is to decide whether the claim decision was supported by substantial evidence. <u>Terry</u>, 145 F.3d

41. In this context, substantial evidence is evidence that is reasonably sufficient to support a conclusion. Doyle, 144 F.3d at 184.

The fact that Dr. Jacques and Dr. Duhme opined (or believed) that Plaintiff was totally disabled does not render Prudential's claim decision arbitrary and capricious. *See* Guarino v. Metropolitan Life Ins. Co., 915 F. Supp. 435, 445 (D. Mass. 1995)(granting summary judgment to the defendant in a long term disability action involving an ERISA-regulated benefit plan.); *see also* Jestings v. New England Tel. And Tel. Co., 757 F.2d 8, 9 (1st Cir. 1995)(reiterating that it is for the trustee of the plan, and not judges, to choose between reasonable alternatives). Inasmuch as Prudential's decision was not lacking a "rational basis," the Court cannot disregard it. Govoni v. Bricklayers, Masons & Plasters Int'l Union of America, Local 5, 732 F.2d 250, 252 (1st Cir. 1984). The existence of contrary evidence does not make Prudential's decision arbitrary. Vlass, supra at 30.

Plaintiff's own doctor, Dr. Jacques, while opining that Plaintiff was totally disabled listed numerous restrictions and limitations on Plaintiff's capacity to work which were within the accommodations provided to Plaintiff in his position as Field Logistics Coordinator. Dr. Jacques noted on August 27, 1997, that Plaintiff was disabled from repetitive bending, lifting, pushing, pulling and carrying over fifteen to twenty pounds and he is disabled from any repetitive squatting and crawling positions. R. Ex. 30 at TB 177. The job activity questionnaire filled out by Wang indicates that the physical requirements of Plaintiff's position as a field logistics coordinator were completely within the restrictions given by Dr. Jacques on August 27, 1997. R. Ex. 24. Prudential's decision was based on not only the medical evidence but also on the contractual definitions of total disability as outlined in the Plan. Thus, the complete medical

30625.1

record, including Dr. Jacques' and Duhme's opinions, must be reviewed in light of the contractual definitions of Total Disability. Moreover, there was significant evidence that Plaintiff had returned to work on numerous occasions throughout the elimination period.

Moreover, Prudential engaged the services of Dr. Jonathan Rutchik, MD, MHP, Medical Director of the Division of Occupation and Environmental Neurology at Occupational Health and Rehabilitation, Inc. in Boston who reviewed all of the medical records submitted by Plaintiff, including the reports from Dr. Jacques and Dr. Duhme. Dr. Rutchik concluded that while there was objective evidence to support plaintiff's complaints of chronic neck and back discomfort, there was a clear consensus that Plaintiff could perform work tasks such as sedentary duties and keyboard work. R. Ex. 34. Dr. Rutchik opined that Plaintiff could perform the duties of his job with Dr. Jacques' restrictions in place. R. Ex. 34. Also, the independent medical examination of Plaintiff (not arranged by Prudential but done in connection with Buffonge's claim for worker's compensation) by Dr. William Kermond performed on June 27, 1996, supported Prudential's decision that Plaintiff could perform the duties of his occupation within certain restrictions. R. Ex. 123. Clearly, Prudential had substantial evidence before it to make its decision to deny Plaintiff's claim for benefits.

Thus, given the information available to Prudential in the record, the decision to deny benefits to Buffonge was not only reasonable but was supported by substantial evidence.

## CONCLUSION

Based on the following undisputed material facts, the Defendants request that the Court issue an order granting its Motion for Summary Judgment.

Respectfully Submitted,

30625.1

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
and GETRONICSWANG CO., LLC,
By Its Attorneys,

/s/ Carey Bertrand
William T. Bogaert, BBO#546321
Carey L. Bertrand, BBO#650496
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Dated: October 20, 2004

CERTIFICATE OF SERVICE

 I certify that I have served the foregoing document upon all other counsel of record, as set forth below, by first-class mail, postage prepaid, on October 20, 2004.

Mitchell Jay Notis Esq.
370 Washington Street
Brookline, MA 02446

/s/ Carey Bertrand
Carey L. Bertrand

30625.1