UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS BUFFONGE,<br>Plaintiff<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA<br><br>And<br><br>GETRONICS WANG CO, LLC,<br>Defendants | Civil Action No.:  03-12355-NMG |

**DEFENDANTS', THE PRUDENTIAL INSURANCE COMPANY OF AMERICA AND GETRONICS WANG CO, LLC,**
**LOCAL RULE 56.1 STATEMENT OF UNDISUPTED FACTS**

Pursuant to L.R. 56.1 of the United States District Court for the District of Massachusetts, The Prudential Insurance Company of America and Getronics Wang, Co., LLC (hereinafter collectively referred to as "Prudential"), submits this statement of material facts as to which Prudential contends there is no genuine issue necessary to be litigated.

**STATEMENT OF UNDISPUTED FACTS**

The following is Prudential's L.R. 56.1 concise statement of all undisputed material facts:

**The Wang LTD Plan**

1.  This suit arises out of plaintiff Thomas Buffonge's ("Buffonge") participation in the Wang Laboratories, Inc.'s Long Term Disability Coverage for all Employees disability insurance plan ("Plan").  The Plan was established and was maintained

1

       by Buffonge's former employer, Wang Laboratories, Inc.[1] ("Wang").  Record Exhibit ("R.Ex.") 2 at TB 46-52.[2]  Buffonge asserts that the Plan is governed by ERISA, which Prudential does not contest.  Compl. ¶ 1; Answer ¶ 11.

2. Wang contracted with Prudential to provide its employees with a long-term disability benefits plan as part of its employee benefits program.  R. Ex. 1, TB 1-45, R. Ex. 2 TB 46-52.

3. The Group Contract, GW-22690 and the Plan contain the terms and conditions of the administration of the LTD Plan. R. Ex. 1, TB 1-45, R. Ex. 2 TB 46-52.

4. Wang designated the Wang benefits Plan Advisory Committee the Plan Administrator and the fiduciary of the Plan.  R. Ex. 2, at TB 46.

5. In addition to being the Plan sponsor, the Wang Benefits Plan Advisory Committee also serves as the Plan administrator.  R. Ex. 3 at TB 83.

6. Prudential underwrites the plan's long-term disability benefits and it serves as the claims administrator with regard to claims for long term disability benefits. R. Ex. 1, R. Ex. 4 at TB 115.

7. The Committee has the full discretionary authority to control and manage all aspects of the Plan and the Committee designated Prudential as the claims administrator of the LTD Plan.  Id.

8. The Committee's discretionary authority includes interpreting and applying the terms of the plan, to make all determinations regarding claims for benefits from

---

[1] Wang Laboratories Inc., is no longer in business and the Getronics Wang Co, LLC acquired the business of Wang Global.
[2] Citations to the record are to the Record for Judicial Review ("Record") filed by the Parties and are numbered exhibits numbered 1 through 134.

the Plan, and to require the completion and submission of such forms as it may specify as a condition to eligibility under the Plan or payment of benefits. R. Ex. 2, at TB 46-47.

9. The Committee has the right to delegate any or all of these powers to any other person or committee. R. Ex. 2, at TB 47

10. The Plan administrator has the exclusive right to interpret and administer the provisions of all self-insured plans in it sole discretion. R. Ex. 4 at TB 115, R. Ex. 1, 2,3, and 5.

11. The individual carriers shall be the final arbiters with respect to all claims submitted under the terms of their contracts. Id.

12. Pursuant to the terms of the Plan, with regard to claims for total disability benefits, the Plan's Booklet-Certificate provides as follows:

"Total Disability" exists when Prudential determines that all of these conditions are met:

(1) Due to Sickness or accidental injury, both of these are true:
    (a) you are not able to perform, for wage or profit, the material and substantial duties of your occupation.
    (b) After the Initial Duration of a period of Total Disability, you are not able to perform for wage or profit the material and substantial duties of any job for which you are reasonably fitted by your education, training or experience. The Initial Duration is shown in the Schedule of Benefits.
(2) you are not working at any job for wage or profit.
(3) you are under the regular care of a Doctor. R.Ex. 1 at TB033.

13. The Plan pays benefits when one is disabled for longer that 26 weeks. R. Ex. 3, TB at 70.

14. LTD benefits begin after the 26th week of total disability. Id.

15. Buffonge began working for Wang in Lowell, Massachusetts in 1983. Compl. ¶ 7.

3

30611.1

Buffonge was a Plan participant pursuant to his employment with Wang. Answer ¶ 11. Buffonge's employment was terminated on October 21, 1996. Answer ¶ 10.

**Buffonge's LTD Claim**

16. Buffonge submitted a claim for long-term disability benefits on or about 1996. Compl. ¶ 12.

17. After receiving the claim Prudential obtained and reviewed Buffonge's medical records. See e.g., R. Exs. 9, 10 TB 142-144. The medical records indicated that Buffonge had been discharged from physical therapy in February, 1996 pain and symptom free. R. Ex. 93, 12. As of June 27, 1996, another medical record indicated that tests performed on Buffonge were well within normal limits and that Buffonge could return to his desk job with phone and computer duties with limited restrictions. R. Ex. 123, 12.

18. The record reflects that Plaintiff's position was sedentary. R. Ex. 22, 24.

19. Accommodation was made so that Plaintiff could work within his limitations. R. Ex. 15, TB 152-153.

20. Based on plaintiff's medical records, Prudential determined that Buffonge was not disabled within the definition of the Plan and denied Buffonge's claim for benefits. R. Ex.12.

21. Prudential determined that Buffonge did not meet the criteria of total disability as defined by the Plan since the medical records reviewed indicated he was able to continue working at his described employment, which was a desk job. R. Ex. 12

22. Prudential informed Buffonge of his right to appeal Prudential's decision. R. Ex.

30611.1

12.

23. Buffonge subsequently appealed this decision by letter on November 14, 1996 but did not provide Prudential with any additional medical records or other information to support his appeal. R. Ex. 13, 15.

24. Prudential upheld its decision to deny benefits to Buffonge on November 26, 1996. R. Ex. 15.

25. Prudential reasoned that Buffonge was not eligible for benefits since he did not meet the requirements of the elimination period, namely that one be disabled continuous for twenty-six (26) weeks before benefits can be paid. R. Ex.15..

26. The Elimination Period for Buffonge was from February 21, 2006 through August 20, 1996. R. Ex. 15.

27. Prudential noted that Buffonge had returned to work in modified position, which met the restrictions given by Buffonge's treating physicians. R. Ex. 15.

28. Buffonge appealed this decision on February 10, 1997. R. Ex. 16.

29. Prudential had not received any additional medical records to support Buffonge's appeal and informed Buffonge of such in April of 1997. R. Ex. 18.

30. As part of the appeals process, Prudential reviewed a job description, which Wang provided and inquired with Wang as to the nature of Buffonge's employment. R. Ex. 22, 24.

31. Prudential determined that the medical records did not support a finding of total disability throughout the Plan's Elimination Period and thereafter. Also, Prudential found that the medical records did not state that Buffonge was unable to

work in his position as a logistics coordinator. R. Ex. 27.

32. The Plan defines the Elimination Period as, "For each period of Total Disability due to Sickness or accidental Injury, …the end of the first 26 weeks of continuous disability. R. Ex. 2 at TB24.

33. On July 25, 1997, Buffonge once again appealed Prudential's decision by letter. R. Ex. 28.

34. Prudential acknowledged receipt of Buffonge's appeal in a letter dated September 3, 1997 whereby Prudential also informed Buffonge of Prudential's continued review of his claim for benefits. R. Ex. 29.

35. Buffonge submitted a report from Dr. Jacques in support of his claim for total disability benefits. R. Ex. 30.

36. Dr. Jacques report of August 27, 1997 opined that Buffonge was totally disabled from any occupation. Id. However, Dr. Jacques then opined that Buffonge was totally disabled from repetitive bending, lifting, pushing, pulling and carrying over 15-20lbs. And is disabled from any repetitive squatting and crawling positions. Id.

37. Dr. Duhme, another of Buffonge's treating physicians, on July 16, 1997, wrote to Buffonge's attorney to "confirm his feeling that Buffonge had a permanent and complete long-term disability." R. Ex. 132.

38. Prudential sent Buffonge's file to an independent occupational health and rehabilitation specialist for a medical records review as part of Prudential's review of its decision. R. Ex. 33.

39. Dr. Jonathan Rutchik performed the review and concluded that the medical

records indicated that Buffonge could work in a full time, sedentary position such as the logistics coordinator position as outlined by Wang.  R. Ex. 34.

40. Also, the independent medical examination of Plaintiff (not arranged by Prudential but done in connection with Buffonge's claim for worker's compensation) by Dr. William Kermond performed on June 27, 1996, supported Prudential's decision that Plaintiff could perform the duties of his occupation within certain restrictions. R. Ex. 123.

41. Based on Dr. Rutchik's review, the medical records, the job description and information provided by Wang and the applicable plan provisions, Prudential upheld its decision to deny Buffonge's claim for benefits.  Prudential informed Buffonge of its decision by letter on November 25, 1997.  R. Ex. 38.

42. Given this decision, Buffonge exhausted his final level of appeal with Prudential. R. Ex. 38, Compl. ¶ 16.

## CONCLUSION

Based on the following undisputed material facts, Prudential requests that the Court issue an order granting Prudential's Motion for summary judgment.

Respectfully Submitted,

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
and GETRONICSWANG CO., LLC,
By Its Attorneys,

/s/ Carey Bertrand
William T. Bogaert, BBO#546321
Carey L. Bertrand, BBO#650496

WILSON, ELSER, MOSKOWITZ,<br>
EDELMAN & DICKER, LLP<br>
155 Federal Street<br>
Boston, MA 02110<br>
(617) 422-5300

Dated: October 20, 2004

## CERTIFICATE OF SERVICE

    I certify that I have served the foregoing document upon all other counsel of record, as set forth below, by first-class mail, postage prepaid, on October 20, 2004.

        Mitchell Jay Notis Esq.
        370 Washington Street
        Brookline, MA 02446

        /s/ Carey Bertrand
        Carey L. Bertrand

30611.1