```
                    United States District Court
                     District of Massachusetts
_____
                                   )
THOMAS BUFFONGE,                   )
                                   )
         Plaintiff,                )
                                   )    Civil Action No.
         v.                        )    03-12355-NMG
                                   )
THE PRUDENTIAL INSURANCE COMPANY   )
OF AMERICA and GENTRONICS WANG     )
CO., LLC,                          )
                                   )
         Defendants.               )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

In the present dispute, Thomas Buffonge ("Buffonge") alleges that defendants Getronics Wang Co., LLC ("Wang") and the Prudential Company of America ("Prudential") wrongfully denied him long term disability benefits in violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"). Defendants now move for summary judgment (Docket No. 20) and plaintiff moves for partial summary judgment on the issue of liability (Docket No. 24).

I.   **Factual Background**

The relevant facts are not in dispute. Wang Laboratories, Inc., which was acquired by defendant Wang, established an employee benefits plan ("the Plan") for the benefit of all of its

-1-

employees. As part of the Plan, Wang contracted with Prudential to provide a long-term disability benefits program. The Wang Benefits Plan Advisory Committee ("the Committee") serves as plan administrator and Prudential serves as claims administrator. The Plan grants full discretionary authority to the Committee, including discretionary authority in applying the Plan's terms.

According to the Plan, an employee is eligible for long-term disability benefits after he or she has been "totally disabled" for 26 weeks. The Plan's Booklet-Certificate provides that:

"Total Disability" exists when Prudential determines that all of these conditions are met:

> (1) Due to Sickness or accidental injury, both of these are true:
>   (a) you are not able to perform, for wage or profit, the material and substantial duties of your occupation.
>   (b) After the Initial Duration of a period of Total Disability, you are not able to perform for wage or profit the material and substantial duties of any job for which you are reasonably fitted by your education, training or experience. . . .
>
> (2) you are not working at any job for wage or profit.
>
> (3) you are under the regular care of a Doctor.

Buffonge began working for Wang in 1983, at which time he became a participant in the Plan. In June, 1993, Buffonge injured his neck and back while moving computer parts at work. Buffonge's employment was terminated on October 21, 1996.

Sometime during 1996, Buffonge submitted a claim for long-term disability benefits, prompting Prudential to review his

medical records.  The records indicated that Buffonge had been discharged from physical therapy in February, 1996, pain and symptom free.  Accordingly, Prudential determined that he was able to continue working at his current employment and denied the claim.

Buffonge appealed the decision but did not provide defendants with any additional information in support of his claim.  On November 26, 1996, Prudential affirmed its denial of benefits, noting that Buffonge had disqualified himself from receiving benefits by returning to work during the 26-week "elimination period" set forth in the Plan definition of "total disability".

On July 25, 1997, Buffonge again appealed the denial and submitted a report from his treating physician, Dr. Emilio Jacques ("Dr. Jacques"), in support of his claim.  Dr. Jacques reported that:

> in my opinion [Buffonge] is disabled from any gainful employment at the present time.  In my opinion he is disabled from repetitive bending, lifting, pushing, pulling and carrying over 15 to 20 lbs. and he is disabled from any repetitive squatting and crawling positions.

He also submitted the records of Dr. David Duhme ("Dr. Duhme"), another of Buffonge's treating physicians.  Dr. Duhme opined that "Buffonge [has] a permanent and complete long term disability".

Prudential sent Buffonge's file to Dr. Jonathan Rutchik ("Dr. Rutchik") and requested that he review the treating

physicians' medical records.  Dr. Rutchik concluded that Buffonge could work in a full-time, sedentary position.  In particular, he expressed the opinion that Buffonge could work as a "logistics coordinator", a position identified by Wang as meeting plaintiff's needs.  He also stated that "a consensus exists about the fact that Mr. Buffonge can perform work such as sedentary duties and keyboard work."

On November 25, 1995, Prudential informed Buffonge that the decision to deny him coverage would be upheld.  Prudential states that the decision was based upon: Dr. Rutchik's review, the plaintiff's medical records, Wang's description of the "logistics coordinator" job and the applicable Plan provisions.

Buffonge filed the present law suit on November 21, 2003, alleging that the defendants violated 29 U.S.C. § 1132 and seeking a retroactive award of long-term disability benefits. On October 20, 2004, defendants moved for summary judgment (Docket No. 20) arguing that their decision to deny benefits was supported by substantial evidence and was therefore not arbitrary and capricious.  Plaintiff filed an opposition and cross-motion for summary judgment (Docket No. 24) arguing that the defendants did not accord adequate weight to the conclusions of his treating physicians.

**II.  Legal Analysis**

    **A.  Standard of Review**

        1.  <u>Summary Judgment Standard</u>

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  <u>Mesnick</u> v. <u>General Elec. Co.</u>, 950 F.2d 816, 822 (1st Cir. 1991)(quoting <u>Garside</u> v. <u>Osco Drug, Inc.</u>, 895 F.2d 46, 50 (1st Cir. 1990)).  The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." <u>Anderson</u> v. <u>Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  "Factual disputes that are irrelevant or unnecessary will not be counted." <u>Id.</u>  A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." <u>Id.</u>

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue.  <u>Celotex Corp.</u> v. <u>Catrett</u>, 477 U.S. 317, 324 (1986).  The Court must view the entire record in the light most hospitable to the non-moving

party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

### 2. Judicial Review Under ERISA

A district court reviews ERISA claims arising under 29 U.S.C. § 1132 de novo unless the benefits plan in question confers discretionary authority upon the administrator to "determine eligibility for benefits or to construe the terms of the plan". Bekiroglu v. Paul Revere Life Ins. Co., 223 F.Supp.2d 361, 366 (D.Mass. 2002), aff'd 2003 WL 22213863 (1st Cir. 2003). If the plan clearly gives such authority to an administrator (as the parties agree this one does), then the administrator's decisions are subject to deference and will only be reversed if they were "arbitrary, capricious or an abuse of discretion". Diaz v. Seafarers Int'l Union, 13 F.3d 454, 456 (1st Cir. 1994).

Under that standard, a "decision will be upheld if it was within [the plan administrator's] authority, reasoned, and supported by substantial evidence in the record." Doyle v. Paul Revere Life Ins. Co., 144 F.3d 181, 184 (1st Cir. 1998)(internal citations omitted). Substantial evidence is evidence "reasonably sufficient to support a conclusion". Sullivan v. Raytheon Co.,

262 F.3d 41, 51 (1st Cir. 2001).

In reviewing a decision to terminate benefits under ERISA in the context of a motion for summary judgment, "the district court must ask whether the aggregate evidence, viewed in the light most favorable to the non-moving party, could support a rational determination that the plan administrator acted arbitrarily in denying the claim for benefits."  Landman v. Paul Revere Life Ins. Co., 337 F.Supp.2d 283, 294 (D.Mass. 2004).  If, even when viewed in a light most hospitable to the non-moving party, the plan administrator's decision was reasonable, it will not be disturbed.  See Colby v. Unumprovident, 328 F.Supp.2d 186, 190 (D.Mass. 2004).

### B.   Analysis

The parties agree that the deferential "arbitrary and capricious" standard of review is to be applied in this case. Buffonge argues that reversal is warranted under that standard because the defendants' decision to deny benefits was not supported by substantial evidence.  He contends that Dr. Rutchik "gave absolutely no weight to credible evidence . . . of Mr. Buffonge's entitlement to disability benefits" and that Prudential, in turn, "gave improper weight to the inadequate report of Dr. Rutchik".  In short, Buffonge contends that the opinions of Dr. Jacques and Dr. Duhme were systematically

disregarded in order to deny him coverage.

Plaintiff's argument is unpersuasive because the "weight" that the plan administrator accorded to credible, competing evidence is not a subject that is properly addressed to the present standard of review. <u>Fletcher-Merrit</u> v. <u>NorAm Energy Corp.</u>, 250 F.3d 1174, 1180 (8th Cir. 2001)("a reviewing court may not simply substitute its opinion for that of the plan administrator"). To the extent there is conflicting evidence in the record, it is for the plan administrator, not the reviewing court, to resolve doubts and choose among reasonable resolutions.

A careful review of the record leads to the inescapable conclusion that the doctors involved in this case simply disagree about plaintiff's ability to perform sedentary work. All of the doctors submitted detailed reports which demonstrate their careful consideration of the issue and, for that reason, the Court declines to credit arbitrarily one doctor's view over that of another. Plaintiff's contention that Dr. Rutchik "ignored" or "intentionally misinterpreted" the conclusions of Buffonge's treating physicians is belied by the fact that Dr. Rutchik's report contains numerous references to, and much discussion of, those doctors' reports. Plaintiff also implies that Dr. Rutchik is biased in favor of the defendants but there is no evidence to support that theory any more than there is evidence to support the equally-plausible theory that Dr. Jacques and Dr. Duhme,

plaintiff's treating physicians, are biased in Buffonge's favor.

Furthermore, Dr. Rutchik's conclusion that Buffonge could perform sedentary work draws support from Dr. Jacques's statement that Buffonge "is disabled from repetitive bending, lifting, pushing, pulling and carrying over 15 to 20 lbs. and he is disabled from any repetitive squatting and crawling positions". The obvious implication of that statement is that plaintiff could perform work so long as it did not involve those specific, prohibited activities. Plaintiff attempts to diffuse Dr. Jacques's statement by arguing that it was superceded by the Doctor's eventual conclusion that Buffonge is "disabled" but that construction is unpersuasive because placing emphasis upon only the latter statement would transform the former, more specific, statement into meaningless surplusage.

In short, the medical evidence consists of credible, but differing, accounts of the plaintiff's condition by three trained doctors. Faced with conflicting evidence, especially where that evidence relates to medical conditions, the Court defers to the plan administrator's resolution. Leahy v. Raytheon Co., 315 F.3d 11, 19 (1st Cir. 2002)("when the medical evidence is sharply conflicted, the deference due to the plan administrator's determination may be especially great"). The fact that the plan administrator chose to resolve the conflict against the treating physicians is of no consequence. Black & Decker Disability Plan

v. <u>Nord</u>, 538 U.S. 822, 834 (2003)("courts have no warrant to require administrators automatically to accord special weight to the opinions of a claimant's physician").  Perhaps reasonable minds could differ about Buffonge's medical condition but, in the current posture, the Court's role is limited to ensuring that the defendants' resolution finds substantial support in the evidence. In this case, it does.

Accordingly, the report of Dr. Rutchik, the medical records and the information provided by Wang provide "substantial evidence" to support defendants' conclusion that plaintiff could perform sedentary work.  Given that conclusion, it follows that Buffonge was not "totally disabled" within the Plan definition of that term.  Thus, the defendants acted reasonably in denying him coverage and their motion for summary judgment will be allowed.

### ORDER

In accordance with the foregoing, defendants' motion for summary judgment (Docket No. 20) is **ALLOWED,** plaintiff's motion for partial summary judgment (Docket No. 24) is **DENIED** and this case is **DISMISSED.**

**So ordered.**

                                          /s/ Nathaniel M. Gorton  
                                          Nathaniel M. Gorton  
                                          United States District Judge  
Dated February 22, 2005